UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GARY RUEHS | CIVIL ACTION |
| VERSUS | NO. 05-6360 |
| ALLIANCE OFFSHORE, L.L.C. | SECTION "N" (5) |

### ORDER AND REASONS

Presently before the Court is the Motion for Summary Judgment filed by Third-Party Defendant Nexen Petroleum U.S.A., Inc. (Rec. Doc. No. 10). As stated herein, **IT IS ORDERED** that the motion is **GRANTED**.

### BACKGROUND

This civil action was filed by Gary Ruehs, an employee of Superior Energy, Inc., against Defendant Alliance Offshore, L.L.C.[1] Ruehs alleges that he was injured, on or about December 16, 2004, while aboard the M/V International Voyager. At that time, the vessel was en route to Nexen's Vermillion 67A Platform in the Gulf of Mexico in federal waters off the Louisiana coastline. Nexen asserts, in its Undisputed Material Facts (Rec. Doc. No. 10-2), that Ruehs was injured when the vessel allided with Nexen's platform.

Ruehs sued Alliance as the owner and operator of the M/V International Voyager.

---

[1] Superior Energy is a subcontractor of Third-Party Defendant Nexen.

1

Alliance filed a third-part y complaint against Nexen, as the charterer of the vessel, pursuant to the December 22, 2003 "Blanket Time Charter Agreement for Multiple Vessels" between Nexen and International Boat Rentals, Inc.  Alliance contends that, pursuant to a reciprocal indemnity agreement set forth in the time charter agreement, Nexen is obligated to indemnify it for all damages sustained by Ruehs, attorney's fees, and costs of defense.  With its motion for summary judgment, Nexen asks that Alliance's third-party complaint against it be dismissed with prejudice.  For purposes of the motion for summary judgment, Nexen has assumed that Alliance was covered by the time charter agreement between it and International Boat Rentals, Inc.

## ANALYSIS

As Alliance alleges, the time charter agreement does include reciprocal indemnity clauses. *See* Exhibit 1 to Nexen's Memorandum in Support of Motion for Summary Judgment ("Nexen's Mem.") at ¶9.  The agreement also includes, however, very specific insurance procurement obligations. *Id.* at ¶12; Exhibit B to Nexen's Mem. at 1-2. Pertinent here, the vessel owner is required to obtain $5,000,000 liability coverage with Nexen named as an "additional insured." *Id.,* Exhibit B to Nexen's Mem. at 1-2.  Further, the required insurance is to be "primary insurance" for all assured, other insurance carried by the charterer is not to be called upon for contribution or otherwise, and any provisions in the policy regarding "other insurance" are not to be applicable. *Id.,* Exhibit B to Nexen's Mem. at 1-2. Contractual liability coverage and waivers of subrogation also are required. *Id.,* Exhibit B to Nexen's Mem. at 1-2.

Under these circumstances, if the vessel owner fulfilled the insurance requirements,

Nexen has no indemnity obligation unless and until the $5,000,000 insurance limits are exceeded. *See Marquette Transp. Co., Inc. v. Louisiana Mach. Co. Inc.,* 367 F.3d 398, 401-02, 406-07 (5th Cir. 2004); *Tullier v. Halliburton Geophysical Servs, Inc.*, 81 F.3d 552, 553-55 (5th Cir. 1996); *Klepac v. Champlin Petr. Co.,* 842 F.2d 746, 747-48 (1988); *Ogea v. Loffland Bros. Co.,* 622 F.2d 186, 188-90 (5th Cir. 1980).  Alliance has not contended, much less put forth evidence, that Ruehs' damages will exceed this amount.  Similarly, if the vessel owner failed to satisfy its insurance procurement obligations, it must act as the insurer.  *See, e.g., Ogea,* 622 F.2d at 189; *Stockstill v. Petty Ray Geophysical*, 888 F.2d 1493 (5th Cir. 1989).  Finally, because the indemnity provision does not specify that it encompasses punitive damages, the Court will not enforce the indemnity obligation with respect to any such damages found to be owed to Ruehs.  *See In re Torch, Inc.*, Nos. 94-2300, 95-1982, 1996 WL 185765, *8-9 (E.D. La. 4/16/96).

## CONCLUSION

Given the foregoing, the Court finds that no genuine issue of material fact exists, and that Nexen is entitled to judgment as a matter of law with respect to Alliance's third-party complaint. Accordingly, **IT IS ORDERED** that the third-party complaint against Nexen is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this  26th   day of January 2007.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT COURT**